UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GARY CULVER,<br><br>             Plaintiff,<br>vs.<br><br>JAYAKRISHNAN NAIR, RAJAKUMARI SUSHEELKUMAR, CHANELLE HOLLIS, & SATHYARAJ GOVINDASAMY,<br><br>             Defendants. | Case No.: 2:22-cv-01128-GMN-BNW<br><br>**ORDER** |

Pending before the Court is the Motion to Remand, (ECF No. 7), filed by Plaintiff Gary Culver ("Plaintiff"). Defendants Jayakrishnan Nair, Rajakumari Susheelkumar, Chanelle Hollis, and Sathyaraj Govindasamy (collectively, "Defendants") did not file a Response, and the deadline to do so has passed. For the reasons discussed below, the Court GRANTS Plaintiff's Motion to Remand.[1]

I. **BACKGROUND**

On July 8, 2021, Plaintiff filed an unlawful detainer action in King County Superior Court in Washington. (Compl., Ex. 1 to Not. Removal, ECF No. 1-1). On July 14, 2022, Defendant Susheelkumar filed a Notice of Removal. (Not. Removal at 1, ECF No. 1). This is not the first time Defendants have attempted to remove Plaintiff's unlawful detainer proceeding against them to federal court. *See Culver v. Nair* ("*Culver II*"), No. 2:22-cv-00875-CDS-EJY, 2022 WL 2533157, at *1 (D. Nev. July 6, 2022) (describing three separate instances in which Defendant Nair sought removal of the July 8, 2021, complaint, all of which resulted in remand to state court).

---

[1] Also pending before the Court is the Motion for Temporary Restraining Order, (ECF No. 8), filed by Defendant Jayakrishnan Nair. Because the Court does not have jurisdiction over this matter, the Court DENIES the Motion for Temporary Restraining Order as moot.

In the Notice of Removal, Defendant Susheelkumar alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Not. Removal at 1; *see also* Compl., Ex. 1 to Not. Removal).  The Notice of Removal further states that "Respondents are of diverse jurisdiction . . . and the amount in question is magnitudes greater than $75,000 in equity," thus also alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Not. Removal at 1).  On July 19, 2022, Plaintiff filed the instant Motion to Remand, as well as an identical Objection to the Petition for Removal. (Mot. Remand, ECF No. 8); (Obj. Pet. Removal, ECF. No. 7).  Defendants failed to respond.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## III.    DISCUSSION

Under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."  Here, Defendants' consent to the

granting of the motion is abundantly clear in light of the multiple prior decisions finding a lack of federal subject matter jurisdiction over the same unlawful detainer issue. *See Culver v. Nair* ("*Culver I*"), No. C21-1196-RSM, 2021 WL 5881696, at *1 (W.D. Wash. Dec. 13, 2021); *Culver II*, 2022 WL 2533157, at *1. Defendants cannot repeatedly attempt to remove the same issue to federal court, fail to respond to motions to remand, and expect a different result. The Court agrees with the prior decisions finding a lack of jurisdiction:

> This is an unlawful detainer action brought by Plaintiff under Washington state law, RCW 59.12.030. To the extent Defendant [Susheelkumar] raises defenses or counterclaims under federal law, it is well-established that such defenses or counterclaims cannot create federal question jurisdiction such that removal is proper. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction.") (citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002)).

*Culver I*, 2021 WL 5881696, at *2 (record cite omitted). Moreover, complete diversity does not exist to permit removal under 32 U.S.C. §1332. *See Culver II*, 2022 WL 2533157, at *2.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 7), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Jayakrishnan Nair's Motion for Temporary Restraining Order, (ECF No. 8), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the case is hereby remanded to the King County Superior Court for all further proceedings.

**DATED** this __12__ day of December, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT